**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DONALD J. NOLAN, LTD. | ) |
|                     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERAL AVIATION ADMINISTRATION, | ) |
| | ) |
|                     Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, DONALD J. NOLAN, LTD., (hereinafter "Plaintiff"), and files this Complaint against Defendant, FEDERAL AVIATION ADMINISTRATION (hereinafter "FAA"), and states as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. Plaintiff seeks the immediate processing and release of agency records from the FAA.

## PARTIES

2. Plaintiff, Donald J. Nolan, Ltd., is an Illinois corporation duly registered to transact business in the State of Illinois under the name Nolan Law Group. Nolan Law Group is a personal injury firm that provides legal representation to individuals and their family members for matters inclusive of complex aviation and mass tort cases. It has its principal place of business in Chicago.

3. Ryan M. Nolan is an attorney licensed to practice in the State of Illinois and was acting within the scope of his employment with Nolan Law Group in submitting the FOIA Request on behalf of the Plaintiff.

4. Defendant, FAA, is a US Department of Transportation agency that regulates and oversees civil aviation in the United States and is an agency within the meaning of 5 U.S.C. §

1

552(f)(1). The agency has its headquarters in Washington, D.C., and offices all over the country, including in Chicago, Illinois.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1346, and 5 U.S.C. §§ 701–706.

6. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) and § 1402. Plaintiff has its principal place of business in this district.

## STATEMENT OF CLAIM

### Plaintiff's FOIA Request

7. On March 15, 2024, Plaintiff submitted a FOIA request to the FAA, specifically the FAA's Southwest Region. A copy of Plaintiff's FOIA request (without exhibits) is appended hereto as Exhibit 1.

8. Plaintiff's FOIA request seeks: All Corrective Action Reports (CARs) prepared relative to the T56 and on 501-D maintenance, repair and/or overhaul of engines, turbines, compressors, modules, rotors, blades, and other component parts procedures and processes during the pendency of the Bridge Contract.

9. Plaintiff sought a waiver of search, review, and reproduction fees on the grounds that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id.* § 552(a)(4)(A)(iii).

10. Plaintiff also sought a waiver of search and review fees on the grounds that the records are not sought for commercial use. *Id.* § 552(a)(4)(A)(ii).

**Defendant's Response to the Request**

11. On April 8, 2024, Plaintiff sent an email to Sheree L. DeBerry, Representative of the Southwest Region of the FAA, seeking an update on the FOIA Request. Defendant never responded.

12. On April 9, 2024, Plaintiff sent another email to Sheree L. DeBerry of the FAA seeking an update on the FOIA Request. Defendant never responded.

13. On April 18, 2024, Plaintiff sent another email to Sheree L. DeBerry of the FAA seeking an update on the FOIA Request. Defendant never responded.

14. On April 25, 2024, Plaintiff sent another email to Sheree L. DeBerry of the FAA seeking an update on the FOIA Request. Defendant never responded.

15. On May 2, 2024, Plaintiff emailed LaMeisha M. Cheridor of the FAA requesting to be connected to the appropriate person to help facilitate Plaintiff's FOIA Request.

16. On May 3, 2024, Nicholas Toaso, a manager from the Flight Standards Office of the FAA, responded acknowledging that his office is the appropriately assigned party to handle Plaintiff's FOIA Request. Mr. Toaso also asked for additional information regarding the request.

17. On May 8, 2024, Plaintiff provided additional information regarding their FOIA Request to help narrow the FAA's search. Specifically, Plaintiff requested: Records of all audits, corrective action plans, enforcement actions and related documents concerning:

> STANDARD AERO SAN ANTONIO INC
> 3523 GENERAL HUDNELL DR.
> SAN ANTONIO TX 78226
>
> Repair Station Certificate No. X1DR610Y
>
> dated any time between from November 1, 2014, through November 1, 2018, including all such documents and data pertaining to the maintenance, repair and/or overhaul of aircraft powerplants (including turbines, compressors, and combustion modules, and their component parts).

18. Additionally, on May 8, 2024, Anjanette Cummins, FOIA Management Specialist for the FAA, emailed Plaintiff assigning Freedom of Information Act Request: 2024-04572. Ms. Cummins also assigned the request to Tamara Harper and Shelley Boggs of the FAA.

19. On May 22, 2024, Plaintiff emailed Anjanette Cummins seeking an update on their FOIA Request.

20. On May 22, 2024, Shelley Boggs, Management and Program Analyst for the FAA, responded that, "Our response (Legacy AFS600) is complete and pending review/signature by the Deputy Director."

21. On May 29, 2024, Plaintiff emailed Shelley Boggs to see if the review/signature was complete. Ms. Boggs responded that, "He is working on them, has not got to yours yet. We will email to you when it has been approved and signed."

22. On May 29, 2024, Plaintiff followed up with Ms. Boggs asking when they can expect the materials as they have an upcoming mediation in a corresponding lawsuit and need the requested documents.

23. On May 29, 2024, Shelley Boggs sent one record that was partially redacted pertaining to Plaintiff's FOIA Request and further partially denied the request attached hereto as Exhibit 2.

24. On June 17, 2024, Plaintiff timely filed their FOIA Appeal as it relates to FOIA Request No. 2024-04572 attached hereto as Exhibit 3. Plaintiff's appeal detailed, "the response to my request consisted of a single row of information from an Enforcement Data Profile spreadsheet relating to a violation date March 24, 2015, and report number 201 6SW9 10052. No source documentation or additional information was provided. Inasmuch as there was a report, that report should have been produced. Additionally, there would be documentation as to the details of the

original violation, investigative records, correspondence, and the like. Typically, there is also a completed FAA form 2150-5 associated with such violations. None of these records, information or data was produced. Further, the only indication of a search was a single instance on May 13, 2024, of running a search of the Enforcement Information System (EIS). This is not a reasonable search based upon the requests made."

26. On June 21, 2024, Adrianne C. Blake, Manager of the Disclosure Branch of the FAA, emailed Plaintiff acknowledging receipt of Plaintiff's FOIA Appeal from the action of the FAA Aviation Flight Standards Service and assigned the appeal number AFAA-2024-00079 attached hereto as Exhibit 4.

26. On July 8, 2024, Plaintiff emailed Adrianne Blake asking for an update on their appeal. Ms. Blake responded that, "We requested the administrative background from the processing line of business on the date we received your appeal. I am unable to provide an exact estimated date of completion at this time, as further review and processing is required. Unfortunately, the FAA has a current FOIA appeals backlog, but I assure you that we are working as quickly as possible."

27. Plaintiff sent a follow-up email asking for a clarification on the term "processing line of business" which Ms. Blake responded that the reference was to the "Aviation Flight Standards Service."

28. On August 6, 2024, Plaintiff emailed Ms. Blake asking for a status on the appeal. Plaintiff also left a voicemail for Ms. Blake.

29. On August 8, 2024, Ms. Blake informed Plaintiff over the phone that she will provide a response next week.

30. On August 14, 2024, Plaintiff emailed Ms. Blake asking for an update on the

5

production that was due this week. Ms. Blake responded, "I mentioned last week on the phone that a subsequent/supplemental *initial* response would be provided to you sometime this week, as additional search was conducted by the San Antonio FSDO; additional appeal rights will be afforded to you within that response. I want to be clear that an *appeal* response for AFAA-2024-00079 will not be provided to you by the end of this week; we process appeals first in/first out, and there are about 200 appeals ahead of yours in the processing queue. That said, we will move your appeal along as fast as possible. At present, I am awaiting receipt of additional information from the processing line of business that will help facilitate my review of the appeal."

31. Plaintiff sent a follow-up email to Ms. Blake asking when they should expect to receive the subsequent/supplemental *initial* response. Ms. Blake responded, "Sometime this week, per an update from the Aviation Flight Standards Service received the same day we spoke (Thursday, 8/8) – the response was pending final signature."

32. FAA continues to wrongfully withhold the requested records from Plaintiff.

33. Having exhausted all administrative remedies, Plaintiff now seeks injunctive relief.

## FIRST CAUSE OF ACTION

### Violation of Freedom of Information Act

34. Plaintiff incorporates the above paragraphs as if fully set forth herein.

35. Defendant's failure to promptly make available the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A), (a)(6)(A), and Defendant's corresponding regulations.

36. The time for compliance under 5 U.S.C. § 552 has expired.

37. Plaintiff has exhausted all administrative remedies with respect to its FOIA Request.

38. Defendant's failure to grant Plaintiff's request for a waiver of search, review, and

duplication fees violates FOIA, 5 U.S.C. § 552(a)(4), (a)(6), and Defendant's corresponding regulations.

39. Defendant's failure to grant Plaintiff's request for a limitation of fees violates FOIA, 5 U.S.C. § 552(a)(4), (a)(6), and Defendant's corresponding regulations.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff prays that this Court enter an Order granting the following:

A. Order Defendant FAA to immediately process and release all responsive records;

B. Enjoin Defendant FAA from charging Plaintiff's search, review, or duplication fees for the processing of the Request;

C. Award Plaintiff their costs and reasonable attorneys' fees incurred in this action; and;

D. Grant such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Daniel J. Nolan
One of the Attorneys for Plaintiff

Daniel J. Nolan, Esq.
NOLAN LAW GROUP
20 North Clark Street, 30th Floor
Chicago, Illinois 60602
Tel: (312) 630-4000
Fax: (312) 630-4011
Email: dan@nolan-law.com