**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**Eastern Division**

| | | |
|---|---|---|
| DONALD J. NOLAN, LTD. | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:24-cv-07309 |
| | ) | Honorable Andrea R. Wood |
| FEDERAL AVIATION ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT**

**1. Nature of the Case**

A.    Ryan M. Nolan
Daniel J. Nolan
NOLAN LAW GROUP
20 N. Clark Street, Suite 3000
Chicago, IL 60602
Attorneys for Plaintiff

Morris Pasqual
Acting United States Attorney

By    Danielle Anne Phillip
Assistant United States Attorney
219 South Dearborn Street
Chicago, IL 60604

Attorney for Defendant

B.    All parties have been served.

C.    **Plaintiff:**  This Court has exclusive subject matter jurisdiction under 28 U.S.C. § 1346 because this is a civil action against the United States.

**Defendant:**  Defendant disputes that the court has subject matter jurisdiction over this action because it is not brought by the Freedom of Information Act (FOIA) requester.  To the extent that plaintiff has standing to bring this action, the court would have subject matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B).

D.    This is a FOIA case in which Plaintiff challenges the adequacy of defendant's response to FOIA Request No. FAA-2024-04572.

1

E.     The major issue is whether defendant conducted an adequate search in response to FOIA Request No. FAA-2024-04572. Plaintiff contends that such a search was not performed, that the records exist, and the responsive records have not been produced. Defendant contends that it conducted an adequate search of the systems where responsive records would be located, no responsive records were located by its searches of such systems, and it is likely that the requested records, to the extent they existed, were destroyed in accordance with records schedule N1-237-92-4.

F.     The relief sought by Plaintiff is to (i) compel the production of records responsive to Plaintiff's request for records pursuant to the Freedom of Information Act 5 U.S.C. § 552; (ii) enjoin Defendant FAA from charging Plaintiff for search, review, or duplication fees for the processing of its request; and (iii) award Plaintiff its costs and reasonable attorneys' fees incurred in this action.

## 2. Case Plan

A.     There are no pending motions.

B.     Defendant answered the complaint on October 7, 2024. Dkt. 8.

C.     **Plaintiff:** Plaintiff believes that discovery is premature at this time because Defendant is considering supplemental information that plaintiff provided. However, Plaintiff intends to seek discovery regarding the FAA's search, indexing, and classification process should defendant fail to conduct an additional search or the additional search proves to be improper or inadequate.

**Defendant:** Defendant has not agreed to conduct a new search; defendant agreed to consider supplemental information that plaintiff provided to determine whether additional searches are warranted. Further, discovery in a FOIA case is the exception, not the rule. *Asarco v. EPA*, No. 08-1332, 2009 WL 1138830, *1 (D.D.C. Apr. 28, 2009) (citing "the consistent holding in case after case that discovery is not favored" in FOIA cases and is "only allowed under rare circumstances"); *Canning v. DOJ*, No. 11-1295 2013 WL 1333422, *1 (D.D.C. Apr. 2, 2013) ("discovery in FOIA cases is rarely allowed"); *Justice v. IRS*, 798 F.Supp.2d 43, 47 (D.D.C. 2011) ("discovery is disfavored" in FOIA actions), *aff'd*, 485 F. Appx. 439 (D.C. Cir. 2012) (*per curiam*). Any discovery should be stayed until the court rules on any dispositive motion.

Defendant proposes that the parties file a joint status report in 60 days to allow the parties to meet and confer regarding the supplemental information provided by plaintiff and a proposed summary judgment briefing schedule.

D.     **Plaintiff:** There has not been a jury demand, and the estimated length of trial is three days.

**Defendant:** Defendant believes that a trial is not necessary and that this case can be resolved via dispositive motions.

## 3. Settlement

A.  Plaintiff has provided defendant with supplemental information, which defendant has taken under advisement. Defendant's counsel is conferring with the agency regarding this supplemental information.

B.  The parties do not believe that a settlement conference would be productive at this time.

## 4. Consent to Proceed Before a Magistrate Judge

A.  Counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment. The parties do not consent to that procedure.

Respectfully submitted,


/s/ Ryan M. Nolan
Ryan M. Nolan
NOLAN LAW GROUP
20 N. Clark Street, Suite 3000
Chicago, IL 60602
Attorney for Plaintiff

MORRIS PASQUAL
Acting United States Attorney

By:   /s/ Danielle Anne Phillip
      DANIELLE ANNE PHILLIP
      Assistant United States Attorney
      219 South Dearborn Street
      Chicago, Illinois 60604
      (312) 886-2039
      danielle.phillip@usdoj.gov

Attorney for Defendant